Good morning, Your Honor. It's Andrew Shalaby. I am the appellant in this case. We don't have anybody here, so you've got 15 minutes. I don't think I need 15. Judge Kurtz, I believe you were on the panel of the previous decision, so I think I'm hoping you remember this case a little bit. This is an appeal from a motion that I filed with Judge Afremsky, asking him, under Rule 60, to remove from his original sanction order a suspension. He had suspended my ability to practice law in the bankruptcy court for all of the courts in the Northern District until I completed 24 hours of CLE credits. I didn't just get a whim to do that. I was happy to leave it alone. But what happened with his order is that it followed me to Chicago, it followed me to Arizona, and it followed me to New York when I applied for admission in product liability cases involving a product that's caused severe injuries and burns and deaths, a product I've been working, litigating with the other counsels for 12 years over. That court took Judge Afremsky's order and particularly the portion of his order that survived the appeal, the suspension, and initially the defendants moved to revoke my admission with it. Initially it was denied. So when Judge Afremsky issued his ruling, he pointed out that it was denied and maybe it's just inconvenient for me, but that's just too bad. He used his discretion and said, I'm not going to amend it. It's incorrect. I'm going to talk about why it's incorrect in a minute. Aren't you? Oh, sorry. No, go ahead. Isn't it just too late for that? I mean, that's been up on appeal to the Ninth Circuit. They've affirmed it. No. Do you want us to start over again? No, it's not too late. It's not too late because under Federal Rule of Bankruptcy Procedure Section 60B, the court has discretion to go back and revisit its original order and has, I think it's Section B-5, in fact, has the ability to change it for any reason as justice requires. It has other grounds I could reverse it for. Under some, you have to do it within one year. Let's parse that. You've got an order. You've appealed that order. You've stated your grounds for the appeal. Yes. That's been decided adversely. That's right. Okay. So you can come in under Rule 60 and argue different reasons but none of these reasons because those reasons are now cemented in the case, appealed, determined, decided over. So if you want to make another rule under Rule 60, you can, I suppose, but you've got to come up with different reasons. I did. What are your different reasons? Clearly erroneous authority. Let's clarify to you. You're talking about today the suspension order and the 24 hours of continuing legal education. Aren't what you're really talking about is the compliance with the electronic filing requirements? No, I'm not appealing that. That's a done deal. That's not the issue at all. It's an interesting issue and it's probably something we should briefly touch upon. All the civil divisions of the federal courts that I've been involved with, including this one, including the BAP, they don't have this rule. I thought that you said that the Ninth Circuit's decision was clearly erroneous because they said that you continued to violate the electronic filing rule after being told that it was a rule that you should follow. I said it was clearly erroneous. But that's the thing that was clearly erroneous, you said. What was clearly erroneous was that the Ninth Circuit, the chief judge who authored it, said specifically that it was intentional willful misconduct, and that contradicted this court's own ruling. This court's own decision was specifically found exactly the opposite of it. This court was correct about that. The clearly erroneous case that Judge Efremsky cited, U.S. v. Cuddy, 147, F3D111, page 114, and a whole series of other cases dealing with clearly erroneous, this is the case for that. This is absolutely the case for that. You want Judge Efremsky to tell the Ninth Circuit it committed a clear error? Is that what you're saying? Well, this is what he says on his order. No, no, no. You want Judge Efremsky to tell the Ninth Circuit the Ninth Circuit's decision was clearly erroneous? I do. And it is. That's not going to happen. That's not the way it works. That flips the judicial hierarchy completely upside down. If you read his order and see what he has to say about it in his own words, I think he thinks the same way I think. Which order are you talking about? This is document number 325, the order that's been appealed. He talks about the clearly erroneous standard. He acknowledges his ability to do it, and then he says he's not going to do it. It's on his order. I could read it if you'd like, but it's on his order. Yeah, there's Rule 60, and, yes, there's this. I'm going to go as far as to say there should be no procedural impediment at all for something like this. When it's brought to a judge's attention at any level, at all levels, that there's something in the record that's clearly erroneous to where no other judge would disagree with it, nobody would disagree. So what is the clear error? Tell me that. The Judge Sidney Thomas's memorandum says, the record supports the bankruptcy court's finding that Shalaby's continued failure to obtain the debtor's original ink signature on documents electronically filed with the court violated the local rules. The error was brought to Shalaby's attention, yet he continued to violate the rules. That's the text of his file. Weren't you told about that at a deposition, and didn't you continue that practice for roughly six months thereafter? Isn't that what Judge Efremsky found? Absolutely not. And it's not in the record that way. That's the whole point. It's not even in the record that way. It's not on Judge Efremsky's order that way. It's not on the BAP's decision. It's not even there. You know what the BAP said? The BAP said correctly, accurately, the bankruptcy court did not find Shalaby acted knowingly or intentionally. These factual findings demonstrate that his conduct was neither in purpose nor substance. Now ---- Okay. Let me ask a question a little differently. Did Judge Efremsky ever say that your violation was knowing and intentional? No. So what ---- He said the opposite. So what is there for Judge Efremsky to correct in his order? His order suspended me. Right. And it suspended me based on bankruptcy local rule 9011-1, which ---- So it's got nothing to do with what the Ninth Circuit said. I'm lost. Actually, you're right. Actually, you're right. What the Ninth Circuit said came out of the blue, came out of absolutely nowhere. It didn't exist. So you would agree with me that Judge Efremsky was correct in not correcting what the Ninth Circuit said? I disagree. Because I agree with Judge Efremsky on that issue. When I say I agree with Judge Efremsky himself, I'm going to ---- Okay. Go ahead. Go ahead. Judge Efremsky himself is the one that brings this up. Well, if you like what Judge Efremsky said, then why are you here? Why are you appealing? What Judge Efremsky said was that he does have the ability when it's clearly erroneous to change it. He has that ability and cite it to the authority. And then he came back and said, but I declined. I'm going to exercise my discretion, and I'm not going to do it. And then he went on to say, and the reason I'm not going to do it is Mr. Shalaby has some inconveniences. He has to explain to some judges some things in Chicago and New York and other places. Too bad. And then he says in his footnote, and he notes that they didn't revoke my because after that it was appealed. And that entire court system in Chicago, Illinois, with Judge Castillo, who's the presiding judge for the Federal Circuit, they stayed the action now for seven months. It stayed watching this, waiting to see what happens here. I got an order to show cause specific to Judge Efremsky's ruling. The order to show cause wanted me to explain this whole issue of the suspension. The suspension can be used to revoke my admission in that court. And that case is huge in the sense that people have died, and people continue to die. So your attack on the suspension is based on that rule you just cited a minute ago, right? My attack on suspension is procedurally based on Federal Rule of Bankruptcy Procedure Section, I'm sorry, FRCP 60B and on U.S. v. Cuddy 147F3D1111. So you cited a rule 9001? I think I didn't write that. I want to talk about that separately, but that's a sanction rule. 9011, there's three. There's the bankruptcy, there's the civil, and there's the local. Rule 11, we all know what that is. FR ---- You filed a motion under Rule 60 for relief from the original sanction order. Is that correct? That's right. And as we discussed previously, since you appealed that order and it's gone up to the Ninth Circuit, nothing that you said about it in that appeal or in the original motion is now on the table. So we've got this tiny little bit of jurisdiction for relief from under Rule 60, which has to be new stuff, different stuff. Right. What is that? The new stuff, the different stuff. The brand-new thing is this statement by Judge Sidney Thomas in there that says that this was brought to my attention and I continue to violate the rules. But is that new? You filed a motion for reconsideration with the Ninth Circuit on that very issue and it was denied. Well, we're talking about something new. We're talking about something new that happened up here that didn't happen in the middle and didn't happen in the initial. It's something. Right. But to correct the thing that happened up here, you go up here. You don't go down here again. Okay. So on that issue, because I think you brought that up three times and I'm really concerned about it. On that issue, I'm going to ask you please read that part of Judge Efremsky's order. I have. I have. Yeah. It's there and it's clear. It says, you know, I had an appeal from a Ford Motor Company case. It was Judge Felton Henderson. And we had the same issue came up. He had issued a ruling. It was clearly erroneous. And then Ford Motor Company appealed it under the clearly erroneous standard. It's the same thing we have happening here. Actually, it ended up the ruling got reversed and changed completely under the clearly erroneous standard. It is East Bay Law versus Ford Motor Company. It's there. I was in that case. I know what happened. I saw it. I witnessed how it played out. All right. So you violated the ECF filing rules by not having original signatures. Yes. You were suspended for that appropriately. In reality, no. I wasn't suspended for that. You weren't suspended. You were not. You were suspended from using the system for that. That was something that the bankruptcy appellate panel interjected, but that's not something on Judge Efremsky's original rule. Judge Efremsky said you couldn't file cases until you took the training. The training, including ethical courses. And his concern was not because of the wet signature violation. That was something interposed by the bankruptcy appellate panel, and erroneously so on its decision. That's not why he suspended me at all. And I cited to that, if you look at my brief, I think on page 27 of my brief, I point out that this — I wasn't the first one. There was a case, Mr. Singh, same case, same event. And I pointed out that ruling, and I said, here's what happened with Mr. Singh. Here's what happened with me. Mr. Singh wasn't allowed to use the electronic system until he took some very small amount of CLE classes. Mine was a suspension across the board. I couldn't file a bankruptcy entirely in any federal court in the Northern District until I completed it. And he actually tied it into what really upset him. You know, what really upset him wasn't that. What really upset him was I filed a motion to remove Mr. Paul Mansdorf as a trustee, and that he did not take well to that. You're wasting your opportunity to make your arguments here today. New stuff. What's the new stuff? The new stuff. If I'm talking about Rule 9011, it's a big deal for me. It should be a big deal to the Court. Under Rule 11 or under FRBP 9011, this Court is correct. You have to have willful misconduct to impose sanctions. It has to be knowing, and it has to be intentional. This Court explains it correctly on its BAP decision. And the reason for that is if you have a Rule 11 motion, you've got a 21-day safe harbor provision. The person looks at it and says, I get it, I'm going to cut it. That's not new. You're attacking the validity of the old order. That's already been decided. One thing that hasn't been decided or ruled or brought to any court's attention is what I'm telling you now, which is a bankruptcy local rule, 9011-1, is now abrogating FRBP 9011. It's abrogating Rule 11. If you have the legislature going to the trouble and saying you've got to have willful misconduct, the element has to be there. You can't have a local rule that says, yeah, forget that, let's just do it under local rule. Still attacking the validity of the original order, and that's not new. It's been decided. Okay. That includes everything that was raised or anything that could have been raised or should have been raised. Okay. So when you talk about new stuff, you're saying stuff that's happened since the order was entered? I understand. The court is saying there's no new stuff under Rule 60, and I can't get relief procedurally. I understand the court is saying that the clearly erroneous standard is not something Judge Afremsky could do. It's something that's already a done deal. I respectfully disagree. I think Judge Afremsky, I share what I believe he is stating on his order, which I think is different. And as far as Rule 60, I've put down the authority and what Rule 60 allows the court. And if Rule 60 doesn't allow the court to fix a problem like this, especially Rule 60b-5, then I'm not sure how it would apply otherwise. So I appreciate the court's time. Thank you very much. Thank you very much for your argument today. Thank you. This matter is submitted and we'll issue an opinion.
judges: Kurtz, Faris, Brand